104 F.3d 374
 41 U.S.P.Q.2d 1158
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
L.S. LOESCH-FRIES, Nancy P. Jarvis, Donald J. Merlo, Gus A.
De Zoeten, and John D. Kemp, Appellees,
v.
Roger N. BEACHY, Robert T. Fraley, and Stephen G. Rogers, Appellants.
 No. 96-1186.
 United States Court of Appeals, Federal Circuit.
 Oct. 30, 1996.
Rehearing Denied Nov. 27, 1996.
 
 Before RICH, MICHEL and PLAGER, Circuit Judges.
 PLAGER, Circuit Judge.
 
 
 1
 This case arises out of interference proceedings in the Board of Patent Appeals and Interferences ("BPAI" or "Board"). In interference number 102,614 (" '614") with Beachy, et al., Loesch-Fries filed, under 37 CFR § 1.633(e)(2), a preliminary motion to declare an additional interference with Beachy on a count directed to AMV coat protein DNA. This motion was granted and interference number 103,045 (" '045") ensued. Thereafter, Loesch-Fries conceded the '614 interference. In the '045 interference, the BPAI held that Beachy had not sustained its burden of proof to show that judgment should be entered against Loesch-Fries, and Beachy appealed to this court. The issue turns on whether count 1 of the '045 interference is patentably distinct from count 2 of the '614 interference. Because we agree with the Board that it is, we affirm.
 
 DISCUSSION
 
 2
 The facts are set forth in the decision below. The only relevant issue in this case is whether count 1 of the '045 interference, the so-called species claim, is patentably distinct from count 2 of the '614 interference, the so-called genus claim.
 
 
 3
 The standard for patentable distinctness is set forth in 37 C.F.R. § 1.601(n):
 
 
 4
 1 Invention "A" is the same patentable invention as an invention "B" when invention "A" is the same as (35 U.S.C. 102) or is obvious (35 U.S.C. 103) in view of invention "B" assuming invention "B" is prior art with respect to invention "A." Invention "A" is a separate patentable invention with respect to invention "B" when invention "A" is new (35 U.S.C. 102) and non-obvious (35 U.S.C. 103) in view of invention "B" assuming invention "B" is prior art with respect to invention "A."
 
 
 5
 (emphasis in original.) Accordingly, the issue is whether the invention "A" as defined by count 1 of the '045 interference would have been obvious under 35 U.S.C. § 103 in view of the invention "B" as defined by count 2 of the '614 interference.
 
 
 6
 Obviousness is a question of law, decided anew by this court, taking into account the Board's decision and discussion. The underlying factual findings are reviewed for clear error. In re Woodruff, 919 F.2d 1575, 1577, 16 U.S.P.Q.2d 1934, 1935 (Fed.Cir.1990). In this case, we conclude that an invention as described in count 1 of the '045 interference would not have been obvious to one skilled in the art in light of an invention as described in count 2 of the '614 interference. The question may be framed in terms of predictability. In light of count 2 of the '614 interference, was there a reasonable expectation of success for the invention of count 1 of the '045 interference? In re Merck & Co., Inc., 800 F.2d 1091, 1097, 231 USPQ 375, 379 (Fed.Cir.1986). The answer is no; there is nothing in the record to suggest a reasonable probability of success. Count 2 of the '614 interference neither lists nor mentions AMV, and there are no references in the record to suggest using the claimed AMV coat protein DNA construct. Furthermore, an article on which Beachy was a co-author suggests that those skilled in the art would not necessarily have expected AMV to work as a substitute for TMV. See Nilgun E. Tumer et al., Expression of alfalfa mosaic coat protein gene confers cross-protection in transgenic tobacco and tomato plants, 6(5) EMBO J. 1181 (1987). Therefore, the Board correctly found the two counts patentably distinct.